FOUNTAIN F. YOUNG *v.* COMMONWEALTH.

Criminal Law—Homicide—Testimony of Accomplice.

A conviction cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense and the corroboration is not sufficient if it merely shows the offense was committed and the circumstances thereof.

APPEAL FROM CASEY CIRCUIT COURT.

October 9, 1872.

OPINION BY JUDGE LINDSAY:

Section 239, Criminal Code of Practice, provides that:

"A conviction cannot be had upon the testimony of an acomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof."

The principal evidence against the appellant was that detailed by an accomplice. Touching the testimony of this witness the court instructed the jury that they should find the defendant guilty if they believed from the testimony of John Young, and other testimony corroborating his testimony, or circumstances tending to connect the defendant with the commission of the act

beyond a reasonable doubt, that he did kill Tinsley, procured it to be done or was present, aiding and abetting said killing, although they may believe John Young was an accomplice in said killing.

This instruction authorized the jury to find the defendant guilty if they believed from what John Young, the accomplice, swore, and other testimony corroborating his evidence that the appellant killed or was present and aided and abetted in the killing of Tinsley, although this corroborating evidence may not have tended to connect appellants with the commission of the offense, but merely showed that the offense had in point of fact been committed.

The instruction is also objectionable because it assumed that there was testimony corroborating the statements of the accomplice, or proof of circumstances connecting appellant with the killing.

The jury should have been left to determine whether or not there was any such corroborating evidence.

It also, in effect, takes away from the jury the right to consider any other evidence than that named by the court. They are told that if they believe from the testimony of John Young, and other testimony corroborating it, or circumstances connecting appellant with the killing beyond a reasonable doubt, they must find him guilty.

Confined alone to the testimony selected as pertinent and important, they might find the prisoner guilty and still be of opinion that there was other evidence before them which, if they were allowed to consider, would at least leave a rational doubt as to his guilt.

For these reasons we regard this instruction as erroneous and misleading.

The other questions raised in the argument of counsel relate only to matters of practice, and as it is most likely that the rulings complained of will not be made upon the next trial it is not necessary that we should pass upon them. The record sufficiently shows that all the instructions given by the court are embodied in the bill of exceptions.

Judgment reversed and cause remanded for a new trial upon principles not inconsistent with this opinion.

*Hill & Alcorn, A. Hensley, Breckenridge, Woolford, for appellant.*